## CIRCUIT COURT OF ALLEGHANY COUNTY

Joseph F. Selleck

    v.

New Hampshire Insurance Co.

October 8, 1979

Case No. 1711

By JUDGE ROSCOE B. STEPHENSON, JR.

The question presented is whether Selleck has coverage under an insurance policy issued by New Hampshire for an incident in which Selleck assaulted and battered one George H. Tucker (Tucker).

The Tucker incident occurred on December 24, 1977, at Selleck's place of business, a restaurant, and as a result Tucker sued Selleck[1] and alleged in his motion for judgment that Selleck "did on the premises of said restaurant unlawfully and with actual malice and with the intent to maim, disfigure or kill [Tucker] and without just cause or provocation, inflict severe bodily injuries upon [Tucker]." Tucker further alleged "[t]hat as a direct and proximate result of [Selleck's] deliberate, willful, malicious and intentional acts" Tucker suffered the injuries for which he sought damages. Tucker asked for both compensatory and punitive damages.

Selleck called on New Hampshire to defend this suit, but New Hampshire denied coverage and declined to defend. Selleck was represented by counsel he employed.

The case was tried with a jury, and, after all evidence had been presented, the Court instructed the jury on the law respecting assault and battery, self-defense (which was Selleck's theory of the case), and damages

---

[1] George H. Tucker v. Joseph Francis Selleck, in the Circuit Court of Alleghany County.

(both compensatory and punitive). The jury returned the following verdict:

> We, the jury, on the issue joined, find our verdict in favor of the plaintiff, George H. Tucker, and fix his damages at $7,500.00, of which the sum of $5,000.00 is compensatory damages and the sum of $2,500.00 is punitive damages.

The verdict was approved by the Court and judgment was rendered thereon for Tucker by an order entered October 23, 1978. That order is now final.

The insurance policy in question provided in pertinent part:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury or (B) property damage to which this insurance applied, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage.

The insurance policy defines "occurrence" as follows:

> "Occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

New Hampshire contends that Tucker's injuries were not the result of an "occurrence" as defined by the policy but were caused by willful, wanton and intentional acts committed by Selleck; that this fact has been formerly adjudicated in *Tucker* v. *Selleck*; and that Selleck's suit should be dismissed. I agree.

The present case is governed by the holding in the recent case of *Norman* v. *Insurance Company*, 218 Va. 718, 239 S.E.2d 902 (1978). The facts in *Norman* are virtually indistinguishable from those in the present case. Norman, the insured, was sued by one Wilson for assault and bat-

tery. Wilson alleged Norman's actions were willful and malicious. A verdict was returned against Norman with punitive damages. Judgment was rendered thereon and an appeal was denied. Norman, thereafter, in *Norman v. Insurance Company, supra,* contended that he was covered under a policy almost identical to Selleck's policy. In holding that Norman had no coverage under the policy, the Court said *inter alia:*

> In substance, Norman alleges that his policy did afford him coverage and that INA has breached its contract with him by failing to have defended him adequately in the suit brought by Wilson and in failing to pay the judgment which Wilson recovered. Further, Norman claims that the company's violation of other alleged duties owed to him constituted a waiver of its reservation of right to deny coverage and that INA is estopped by its conduct from relying on such reservation.
>
> The position of INA is that the action brought against appellant by Wilson was not grounded upon negligence but upon a deliberate, intentional and malicious wounding and that the jury so found. It says that its policy does not protect against all bodily injury claims no matter how incurred; that it agrees to pay on an insured's behalf only the sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage *caused by an occurrence*; and that an occurrence means an accident. Appellee contends that no definition of accident includes a willful and malicious assault and battery or an intentional and malicious shooting of one person by another.
>
> ▪ Norman finds comfort in the language "from the standpoint of the insured" found in the policy's definition of "occurrence." It is clear that regardless of the standpoint of the viewer, the occurrence referred to in the policy means "an accident." The intentional assault and battery of Wilson by Norman cannot be converted into an accident by a mere statement from the person making the assault that he

did not intend the act or its consequences. An insured will not be permitted to say that an intentional and malicious firing of a pistol at another, resulting in an injury, was neither expected nor intended. That was what the case of *Wilson* v. *Norman* was all about. A malicious and intentional assault was alleged, not a wantonly negligent act resulting in an assault and battery. Its verdict shows that the jury found that an expected and intended injury was inflicted on Wilson by Norman. The verdict of the jury was approved by the trial judge and was affirmed on appeal. The subject matter in controversy in *Wilson* v. *Norman* has been authoritatively settled and is *res judicata*.

* * * *

It is our conclusion that the judgment entered on the jury's verdict in the case of *Wilson* v. *Norman*, under the circumstances reflected by appellant's amended motion for judgment, constitutes a collateral estoppel of appellant's instant action against INA. Appellant's policy did not protect him against a claim for an intentional and malicious assault and battery. 218 Va. at 722, 723, 725, 239 S.E.2d at 904, 905, 906.

In accord with *Norman*, I hold that the case of *Tucker* v. *Selleck* decided that Selleck committed a willful, malicious and intentional assault and battery upon Tucker, and that such an intentional tort is not covered under the policy in question. Therefore, Selleck's motion for judgment will be dismissed with prejudice.